```
            IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF MARYLAND
```

INNOVATIVE SPORTS           *
    MANAGEMENT, INC.
                            *
         Plaintiff
                            *
      vs.                        CIVIL ACTION NO. MJG-11-3268
                            *
3508 EASTERN LLC, et al.
                            *
         Defendants
*     *     *     *     *     *     *     *     *

## MEMORANDUM AND ORDER

The Court has before it Defendants' Motion to Vacate Order of Default [Document 9] and the materials submitted relating thereto.  The Court finds that a hearing is unnecessary.

Defendants were properly served with the Complaint on January 1.[1]  On February 15, a document was filed by "Ivan R. Brown, Member, 3508 Eastern LLC" stating essentially that Plaintiff's allegations were untrue, that "the establishment" has an account with Direct TV and that all telecasts were done with authority from Direct TV.  The document also stated that the signatory will be seeking an attorney and will counterclaim.  [Document 6].  The said document was docketed as an Answer on behalf of Defendant Ivan Brown.  While obviously intended to be a response on behalf of Defendant 3508 Eastern, LLC, it was ineffective because it was not signed by an attorney

---

[1]   All date references are to the year 2012.

who was a member of the bar of this Court.

Plaintiff, taking no action vis-à-vis the individual defendant, on June 11 filed a request for the Clerk to enter a default judgment [Document 7].  On June 13, the Clerk, as a matter of routine, entered the Order of Default [Document 8] provided by Plaintiff.  Plaintiff did not file a motion seeking a default judgment from the Court.  On June 28, Defendant 3508 Eastern, LLC filed the instant motion.

As stated by the United States Court of Appeals for the Fourth Circuit in Payne v. Brake, 439 F.3d 198, 204-05 (4th Cir. 2006):

> Rule 55 of the Federal Rules of Civil Procedure provides that a court may, "[f]or good cause shown," set aside an entry of default. "The disposition of motions made under Rule [ ] 55(c) . . . is a matter which lies largely within the discretion of the trial judge and his action is not lightly to be disturbed by an appellate court."
>
> When deciding whether to set aside an entry of default, a district court should consider whether the moving party has a meritorious defense, whether it acts with reasonable promptness, the personal responsibility of the defaulting party, the prejudice to the party, whether there is a history of dilatory action, and the availability of sanctions less drastic.

Id. (citing Fed. R. Civ. P. 55(c); Consol. Masonry & Fireproofing, Inc. v. Wagman Constr. Corp., 383 F.2d 249, 251 (4th Cir. 1967)).

The Court finds that Defendant 3508 Eastern, LLC is entitled to the opportunity to present its defenses. The said Defendant acted promptly, intended to file an answer but acted upon a misunderstanding on behalf of its owner and there has been absolutely no prejudice to the Plaintiff.

Furthermore, inasmuch as Plaintiff has done nothing whatsoever to proceed on its claims against the individual Defendant, there appears to be no good faith basis for Plaintiff to have opposed the instant motion. Indeed, the Court finds Plaintiff's action perilously close to justifying an award of sanctions against it.

Accordingly:

1. Defendants' Motion to Vacate Order of Default [Document 9] is GRANTED.

2. The Order of Default [Document 8] is VACATED.

3. Defendants may file a motion to dismiss the complaint by August 31, 2012.

SO ORDERED, this Tuesday, August 14, 2012.

/s/
Marvin J. Garbis
United States District Judge