```
              IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF MARYLAND

INNOVATIVE SPORTS              *
     MANAGEMENT, INC.
                               *
          Plaintiff
                               *
          vs.                      CIVIL ACTION NO. MJG-11-3268
                               *
3508 EASTERN LLC, et al.
                               *
          Defendants
*    *    *    *    *    *    *    *    *
```

MEMORANDUM & ORDER RE: MOTION TO DISMISS

The Court has before it Defendants' (sic)[1] Motion to Dismiss Plaintiff's Complaint [Document 14] and the materials related thereto. The Court finds a hearing unnecessary.

I.  BACKGROUND[2]

Plaintiff, Innovative Sports Management, Inc. ("Innovative"), had the exclusive nationwide commercial distribution rights to the CONCACAF World Cup Qualifier Tournament: El Salvador v. Honduras World Cup Qualifier Game ("the Program"), which was telecast nationwide on October 14, 2009. Innovative entered into sublicensing agreements with various commercial establishments to exhibit the Program but did

---

[1] The motion is filed by Defendant 3508 Eastern, LLC and not Defendant Ivan R. Brown.
[2] The "facts" herein are as alleged by Plaintiff and are not necessarily agreed upon by Defendants.

not enter into a sublicense agreement with Defendants, 3508 Eastern, LLC, d/b/a Carlos O'Charlies ("O'Charlies") and its principal, Ivan R. Brown ("Brown").

On the evening of October 14, 2009, while the Program was being telecast, an investigator observed 36 televisions within O'Charlies displaying the telecast of the Program.

On November 15, 2011, Innovative filed the instant lawsuit, presenting claims for violations of the Federal Communications Act ("FCA") and common law conversion in three Counts:

>Count I - Violation of 47 U.S.C. § 605

>Count II - Violation of 47 U.S.C. § 553

>Count III – Common Law Conversion

By the instant motion, brought pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure,[3] O'Charlies seeks dismissal of all claims.

## II.  DISMISSAL STANDARD

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of a complaint. A complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the ... claim is

---

[3] All Rule references herein are to the Federal Rules of Civil Procedure.

and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citations omitted). When evaluating a 12(b)(6) motion to dismiss, a plaintiff's well-pleaded allegations are accepted as true and the complaint is viewed in the light most favorable to the plaintiff. However, conclusory statements or a "formulaic recitation of the elements of a cause of action" will not suffice. Id. A complaint must allege sufficient facts to "cross 'the line between possibility and plausibility of entitlement to relief.'" Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009) (quoting Twombly, 550 U.S. at 557).

Inquiry into whether a complaint states a plausible claim is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. Thus, if the well-pleaded facts contained within a complaint "do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not shown – that the pleader is entitled to relief." Id. (quoting Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009)) (internal quotation marks omitted).

III. DISCUSSION

    A.    Affirmative Defense – Untimely FCA Filing

O'Charlies contends that it is entitled to dismissal of the FCA claims by virtue of the late filing of the Complaint. Thus, O'Charlies seeks dismissal on an affirmative defense.

Generally, a motion to dismiss filed under Rule 12(b)(6) cannot be based on an affirmative defense. Goodman v. Praxair, Inc., 494 F.3d 458, 464 (4th Cir. 2007). However, if all of the facts establishing the affirmative defense are clearly alleged on the face of the complaint, dismissal may be granted. Id.

The alleged FCA violations occurred on October 14, 2009. The Complaint was filed two years and one month thereafter, on November 15, 2011. O'Charlies contends that a one-year statute of limitations is applicable, and Innovative contends that there is a three-year limitations period.

The FCA does not specify a limitations period. When a federal act lacks a statute of limitations, courts first look to an analogous state statute to find the appropriate statute of limitation. North Star Steel Co. v. Thomas, 515 U.S. 29, 33-34 (1995). However, if an analogous state limitation period would "frustrate or interfere with the implementation of national policies or be at odds with the purpose or operation of federal substantive law," then courts may borrow a limitation period

4

from an analogous federal statute. Id. at 34 (internal quotations omitted).  However, federal courts should "decline to borrow a state statute of limitations only 'when a rule from elsewhere in federal law clearly provides a closer analogy than available state statutes, and when the federal policies at stake and the practicalities of litigation make the rule a significantly more appropriate vehicle for interstitial lawmaking.'" Reed v. United Transp. Union, 488 U.S. 319, 326 (1989) (quoting DelCostello v. Teamsters, 462 U.S. 151, 172 (1983)).

The Court accepts, at least for purposes of the instant motion, the parties' agreement that the Maryland "Piracy Statute," Md. Crim. Law § 7-303, is analogous to the FCA.[4] However, because the Maryland Piracy Statute is a criminal provision, the question presented is whether, for purposes of a civil suit, the federal court should borrow the one-year state limitations period for criminal prosecutions[5] or the three-year limitations period for civil actions.[6]

---

[4] See Kingvision Pay-Per-View, Corp., Ltd. v. 898 Belmont, Inc., 366 F.3d 217, 224-25 (3d Cir. 2004) (noting that a state cable piracy statute was a "remarkably close analog" to the FCA statute where the state statute prohibited the same behavior, provided criminal sanctions for the same, and provided for similar civil relief).
[5] Violation of the Piracy Statute is a misdemeanor offense and "prosecution for a misdemeanor shall be instituted 1 year after the offense was committed." See Md. Crim. Law § 7-303(d); Md.

The question has not been addressed by the United States Court of Appeals for the Fourth Circuit or by a Maryland appellate court decision. However, there are judicial decisions that the Court finds persuasive.

In DirecTV, Inc. v. Webb, 545 F.3d 837, 849 (9th Cir. 2008), the Ninth Circuit found the California Piracy Act (a criminal statute) analogous to the FCA but applied the general civil limitation. Similarly, in J&J Sports Prods., Inc. v. West Side Stories, No. 5:10-CV-179-F, 2011 WL 2899139, *4 (E.D.N.C. July 18, 2011), the federal district court held that a state criminal statute was analogous to § 605 of the FCA but applied the state "catchall" civil statute of limitations of three years. Id. at *5. Also, in DirecTV, Inc. v. Wright, 350 F. Supp. 2d 1048, 1054 (N.D. Ga. 2004), the district court found a state statute (with a component classifying the crime as a misdemeanor) analogous to the FCA, but the court borrowed Georgia's general four-year statute of limitation for "injuries to personalty."

The Court, recognizing the absence of binding precedent, finds persuasive Innovative's contention that the applicable statute of limitations is three years. Therefore, the Court shall not dismiss the FCA claims as barred by limitations.

---

Cts. & Jud. Proc. Code Ann § 5-106(a).
[6] See Md. Code Cts. & Jud. Proc. § 5-101.

### B.  Adequate Pleading of FCA Claims

#### 1.  Failure to State a Claim

Each of Sections 553 and 605 of the FCA provides a cause of action against an unauthorized person who has intercepted a telecast event. In a broad sense, § 553 relates to pirating a cable television service, and § 605 relates to pirating a satellite television signal.

O'Charlies contends that Innovative has failed to plead a licensing violation because it does not allege "commercial advantage or private financial gain" and does not provide sufficient factual support that the Program was actually the event viewed by the investigator.  Mot. 10, ECF No. 14-1.

To avoid dismissal, a plaintiff need only allege "enough fact[s] to raise a reasonable expectation that discovery will reveal evidence" of the alleged activity causing liability. Twombly, 550 U.S. at 555; United States Airline Pilots Ass'n v. Awappa, 615 F.3d 312, 317 (4th Cir 2010).  Innovative alleges violations of both sections 605 and 553, supported by an affidavit of an investigator who reported witnessing the Program being displayed on televisions for customers at O'Charlies. Innovative also alleges that O'Charlies had no license from Innovative, the exclusive distributor, and that the unauthorized

7

interception was done "willfully, for purposes of direct or indirect commercial advantage or financial gain." Compl. ¶ 12.

Innovative's factual allegations are sufficient to present plausible claims for violation of the FCA. If accepted as true, the alleged facts could establish that O'Charlies was pirating a transmission of the Program in violation of § 553 and/or 605 of the FCA. Accordingly, the FCA claims in Counts I and II shall not be dismissed.

  2. Common Law Conversion

For the reasons stated in the Memorandum and Order Re: Motion to Dismiss in Joe Hand Promotions, Inc. v. Hold'em Inc., Civil Case No. 12-cv-00566-MJG, ECF No. 15, 5-6 (D. Md. Aug. 18, 2012), the Court shall dismiss the common law conversion claim asserted in Count III.[7]

IV. CONCLUSION

For the foregoing reasons:

  1. Defendants' Motion to Dismiss Plaintiff's Complaint [Document 14] is GRANTED IN PART and DENIED IN PART.

    a. Counts I and II remain pending.

---

[7] Innovative does not oppose dismissal of this claim. Opp'n [Document 16] at 9.

    b. Count III is DISMISSED.

 2. Innovative shall arrange a telephone conference to be held by January 4, 2013 to discuss the scheduling of further proceedings herein.


SO ORDERED on <u>Monday, December 10, 2012</u>.


                /s/_____
             Marvin J. Garbis
          United States District Judge